c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NINA COOPER, *ET AL.*, <br> Plaintiffs | CIVIL ACTION NO. 1:23-CV-01813 |
| VERSUS | JUDGE EDWARDS |
| ALEXANDRIA HEALTHCARE, L.L.C., *ET AL.* <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Stay Discovery Pending Determination of Subject-Matter Jurisdiction ("Motion to Stay") (ECF No. 13) filed by Defendants Alexandria Healthcare, L.L.C., doing business as ("d/b/a") The Summit, and Pathway Management of Louisiana, L.L.C. (collectively, "Defendants"). Defendants seek a stay of discovery pending resolution of their Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 9). Plaintiffs[1] oppose. ECF No. 21 at 5.

## I.  Background

Plaintiffs filed this putative class action against Defendants, asserting state law claims arising from alleged understaffing and other shortcomings in the operation of a skilled nursing facility. ECF No. 1 at 17. Defendants report this is one

---

[1] "Plaintiffs" are Nina Cooper, as mandatary on behalf of her sister Bertha Johnson, individually and on behalf of all others similarly situated; Donna Lofton, as surviving child of Barbara Lofton, individually and on behalf of all others similarly situated; Charlene Luneau, individually and on behalf of all others similarly situated; and Karl Patrick, Sr., as mandatary on behalf of his father Leesther Patrick, individually and on behalf of all others similarly situated. ECF No. 1.

of several pending related federal suits filed by the same attorney, all with nearly identical motions to dismiss for lack of subject matter jurisdiction pending.[2] ECF No. 13-1 at 4. The jurisdictional challenge relates to the application of the Class Action Fairness Act ("CAFA") and the determination of the citizenship of a party when a trust is a member. Also pending is a Rule 12(b)(6) Motion to Dismiss for failure to state a claim on which relief may be granted. ECF No. 17. The motions are fully briefed (without any request for jurisdictional discovery).

Defendants move to stay discovery pending resolution of their Rule 12(b)(1) motion. Plaintiffs respond that outstanding discovery is limited to "documents and information narrowly tailored to class certification issues." ECF No. 21 at 5.[3]

II.  Law and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Defendants urge that they have called into doubt whether diversity jurisdiction exists under two CAFA exceptions, and that Plaintiffs have not sought jurisdictional discovery. ECF No. 13-1 at 4. Thus, Defendants seek a stay of discovery until the jurisdiction question is resolved. If Defendants prevail

---

[2] *See Bowie v. Heritage Manor West, L.L.C.*, No. 5:23-CV-01750-SMH-MLH (W.D.La.); *Butts v. Heritage Manor Stratmore Nursing & Rehabilitation Center, L.L.C. d/b/a Heritage Manor of Stratmore Nursing & Rehab Center*, No. 5:23-CV-01747-SMH-MLH (W.D.La.). There are also at least eleven other related suits pending in various Louisiana courts. *See Bowie*, 5:23-01750 at ECF No. 16-1 at 7, n.1.

[3] Identical motions to stay have recently been denied by this Court in the referenced related cases *See Bowie*, 5:23-CV-01750 at ECF No. 31; *Butts*, 5:23-CV-01747 at ECF No. 30.

on their jurisdictional motion, the case will be dismissed and there will be no need for discovery.

Plaintiffs assert they are entitled to prosecute their case promptly, and that there are no exceptional circumstances present that would warrant a stay. ECF No. 21 at 5. No federal rule or binding case law automatically stays discovery pending a ruling on a motion to dismiss. *Id.* Plaintiffs argue that any delay in discovery will prejudice them, but do not articulate a basis for claiming prejudice. *Id.* Plaintiffs contend that "if Defendants are genuinely concerned about the breadth of discovery rather than the existence of it, their concerns are properly addressed with meet-and-confer discovery negotiations and, if necessary, a motion for protective order" concerning the scope of discovery. *Id.* at 8.

As noted by the Court in denying similar motions, there are many pending motions across the related civil cases, some of which have been set for trial. Meanwhile, it is possible it could be several months before a ruling is issued on the jurisdictional challenge. Although Plaintiffs do not articulate any particular prejudice in staying discovery, the Court recognizes any delay gives rise to fading memories, lost or misplaced documents, changes in relevant personnel, new computer systems, and similar concerns about access to relevant evidence. However, Defendants are not unreasonable in requesting a stay to avoid the expense of discovery until the Court's jurisdiction is resolved.

Just as in the related cases, the Court agrees there are sound arguments on both sides of the issue, and reasonable minds could disagree. Nevertheless, the particular facts of this case warrant denying the stay of discovery.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Stay (ECF No. 13) is DENIED. As cautioned in the related cases, Plaintiffs are held to their representation that discovery at this stage will be limited to "documents and information narrowly tailored to class certification issues." The parties are directed to proceed in good faith and make every reasonable effort to avoid wasteful litigation about discovery scope issues.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 8th day of May 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE